UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAFAIR SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:10CV446 JCH |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Missouri State prisoner Lafair Smith's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On July 22, 1999, a jury in the Circuit Court of St. Louis City, Missouri, found Petitioner guilty of one count of murder in the first degree, and one count of armed criminal action. Petitioner was sentenced as a prior and persistent offender to life imprisonment without parole on Count I, and thirty years imprisonment on Count II, said terms to be served concurrently. Petitioner's convictions and sentence were affirmed on appeal. State v. Smith, 28 S.W.3d 458 (Mo. App. 2000). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied after an evidentiary hearing. The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Smith v. State, 285 S.W.3d 824 (Mo. App. 2009).

Petitioner is currently incarcerated at the South Central Correctional Center in Licking, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following seven claims for relief:

(1) That the trial court erred in refusing to strike Randy Boyd's testimony or declare a mistrial, because Boyd's testimony differed materially from his statement in the police report;

(2) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to secure testimony from Dayatra Weston, a crucial alibi witness;

(3) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to request an alibi instruction at trial;

(4) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to call Petitioner as a witness in his own defense;

(5) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to investigate and depose State's witness Randy Boyd;

(6) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to object to State's witnesses Mike Blair, Kim Walker, and Herman Willis on the grounds that counsel's repeated attempts to depose said witnesses were unsuccessful, and failed to request a continuance of Petitioner's trial to obtain the depositions; and

(7) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to elicit crucial information at trial from Petitioner's witness Curtis Jones.

(§ 2254 Petition, PP. 8-71). The Court will address the claims in turn.

## DISCUSSION

### A. Procedural Default

As stated above, in Grounds 5 through 7 of his petition, Petitioner asserts he received ineffective assistance of counsel, in that trial counsel: failed to investigate and depose State's witness Randy Boyd; failed to object to State's witnesses Mike Blair, Kim Walker, and Herman Willis on the grounds that counsel's repeated attempts to depose said witnesses were unsuccessful, and failed to request a continuance of Petitioner's trial to obtain the depositions; and failed to elicit crucial information at trial from Petitioner's witness Curtis Jones. (§ 2254 Petition, PP. 44-71). Although Petitioner raised the claims asserted in Grounds 5 through 7 in his post-conviction motion, a review of the record reveals he failed to pursue the claims on appeal from the denial of the motion.

A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d 538, 541 (Mo. App. 1980), cert. denied, 513 U.S. 983 (1994). "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." Id., citing Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988). Because Petitioner failed to raise the claims stated in Grounds 5 through 7 of the instant petition on appeal from the denial of his post-conviction motion, the federal court cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration "that failure to consider the federal claim[s] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991) (internal quotations and citations omitted); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995). Petitioner has not shown cause for his failure to raise the claims in state court.[1] In addition, because Petitioner offers no new, reliable evidence of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Washington v. Delo, 51 F.3d 756, 760-761 (8th Cir.), cert. denied, 516 U.S. 876 (1995). See also Reed v. McCondichie, 2007 WL 522389 at *2 (E.D. Mo. Feb. 13, 2007) (internal quotations and citations omitted) ("Without any new

---

[1] Petitioner attempts to establish cause for his procedural default, by asserting his post-conviction appellate counsel erroneously abandoned the issues on appeal from the denial of his Rule 29.15 motion. (Petitioner's Reply to Respondent's Response to Petition for Writ of Habeas Corpus, P. 36). The Court notes there is no constitutional right to effective assistance of post-conviction counsel. Jolly, 28 F.3d at 54, citing Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992). Further, under Eighth Circuit law, "it is well-established that any alleged ineffective assistance of post-conviction counsel in failing to raise a claim is insufficient as a matter of law to serve as cause for procedural default." Battle v. Dormire, 2007 WL 803624 at *4 (E.D. Mo. Mar. 13, 2007), citing Clay v. Bowersox, 367 F.3d 993, 1005-1006 (8th Cir. 2004). Thus, to the extent Petitioner asserts the errors of his post-conviction attorney constitute cause to excuse his procedural default, his argument fails. Battle v. Dormire, 2007 WL 803624 at *4.

evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim"); Tipton v. Purkett, 2008 WL 723527 at *3 (E.D. Mo. Mar. 14, 2008) ("[P]etitioner's statement of objections does not make a claim of actual innocence"); Scranton v. Steele, 2009 WL 1850878 at *11 (E.D. Mo. Jun. 29, 2009) (conclusory assertions insufficient to establish innocence). Therefore, the claims raised in Grounds 5 through 7 of the instant petition are procedurally barred and must be denied.

B.  **Claims Addressed On The Merits**

   1.  **Ground 1**

As stated above, in Ground 1 of his petition Petitioner asserts the trial court erred in refusing to strike Randy Boyd's testimony or declare a mistrial, because Boyd's testimony differed materially from his statement in the police report. (§ 2254 Petition, PP. 8-15). Specifically, Petitioner complains that although the police report stated Boyd was on the third floor of his home at the time of the incident and did not see anything, at trial Boyd testified that he saw Petitioner chase the victim into Boyd's home and rip a gold chain from around his neck. Petitioner raised this claim on direct appeal from his convictions, and the Missouri Court of Appeals denied the claim in a per curiam order. (Resp. Exh. 5).

"[Q]uestions concerning the admissibility of evidence are matters of state law and are not reviewable in a federal habeas corpus proceeding unless the asserted error infringed a specific constitutional protection or was so prejudicial as to deny due process." Wallace v. Lockhart, 701 F.2d 719, 724 (8th Cir.) (citations omitted), cert. denied, 464 U.S. 934 (1983). A federal habeas court cannot concern itself with whether the trial court erred in admitting the particular testimony. Rather, it must decide whether the admission resulted in a trial so fundamentally unfair as to deny

Petitioner due process of law. "In making this determination, [the habeas court] must review the totality of the facts in the case and analyze the fairness of the particular trial under consideration." Manning-El v. Wyrick, 738 F.2d 321, 323 (8th Cir.) (citations omitted), cert. denied, 469 U.S. 919 (1984). The petition may be granted only if the state law error was "so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Osborne v. Purkett, 411 F.3d 911, 917 (8th Cir. 2005) (internal quotations and citation omitted), cert. denied, 547 U.S. 1022 (2006).

Upon consideration, the Court finds the admission of Boyd's testimony did not result in a trial that was fundamentally unfair, for several reasons. First, Petitioner's counsel was afforded an opportunity to cross-examine Boyd regarding the alleged discrepancy, and Boyd clarified it was his nephew, Kenneth Boyd, who was on the third floor at the time of the incident. (Resp. Exh. 1, PP. 252-53). Further, in denying Petitioner's motion for mistrial, the trial court noted there existed multiple other witnesses to the event. (Id., P. 259). Given these circumstances, together with the strength of the identifications presented by the State, this Court finds any prejudice Petitioner may have suffered as a result of the trial court's admission of Boyd's testimony was minimal, and thus the ruling cannot form the basis for habeas relief. Horitz v. Missouri, 2009 WL 322237 at *5 (E.D. Mo. Feb. 9, 2009).

**2. Ground 2**

As stated above, in Ground 2 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to secure testimony from Dayatra Weston, a crucial alibi witness. (§2254 Petition, PP. 16-26). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

CONCLUSIONS OF LAW

1.  In order to establish ineffective assistance of counsel, movant[2] must establish that: 1) his counsel did not demonstrate the customary skill and diligence that a reasonably competent attorney would provide under the circumstances; and 2) that he was prejudiced thereby. State v. Link, 25 S.W.3d 136, 149 (Mo. banc 2000). If defendant fails to satisfy either prong of the test, the other need not be considered. Buckner v. State, 35 S.W.3d 417, 420 (Mo. App. W.D. 2000). To prove the prejudice prong of the ineffective assistance of counsel test, a defendant must show a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. State v. Hall, 982 S.W.2d 675 (Mo. 1998). Movant faces a heavy burden in establishing a claim of ineffective assistance of counsel. Not only must the defendant prove his or her allegations by a preponderance of the evidence, but the defendant must overcome the court's presumption that counsel is competent. Yoakum v. State, 849 S.W.2d 685, 687 (Mo.App. 1993)....

3.  The first allegation in Movant's amended motion is that his trial counsel was ineffective for failing to adequately present exculpatory evidence of alibi, specifically that counsel failed to call Dayatra Weston...

As a general rule, the decision to call witnesses is a matter of trial strategy and will not support a finding of ineffective assistance. The defendant must show how the testimony of an alleged key witness would have helped him and what the testimony would have been. State v. Thompson, 835 S.W.2d 394, 400 (Mo. App. 1992); Avery v. State, 770 S.W.2d 440 (Mo. App. 1989). The movant must demonstrate that the attorney's failure to call a witness was something other than reasonable trial strategy. State v. Henderson, 826 S.W.2d 371, 378 (Mo. App. 1992). In order to be entitled to relief on the ground that counsel failed to call witnesses movant must identify who the witnesses were, whether or not counsel was informed of their existence, establish that the witnesses could have been located through reasonable investigation, would have testified if called and their testimony would have provided a viable defense. State v. Smith, 949 S.W.2d 947, 952 (Mo. App. W.D. 1997); State v. Dudley, 819 S.W.2d 51, 56 (Mo.App. 1991); Thompson v. State, 779 S.W.2d 666 (Mo.App. 1989); Smith v. State, 774 S.W.2d 562, 564 (Mo. App. 1989); State v. Martin, 775 S.W.2d 196 (Mo. App. 1989). The witnesses' testimony must be more than merely cumulative of the evidence adduced at trial. State v. Smith, supra.; Henderson v. State, 770 S.W.2d 422 (Mo.App. 1989); Koonce v. State, 768 S.W.2d 188 (Mo. App. 1989); Roberts v. State, 764 S.W.2d 688 (Mo.App. 1988). If a potential witness' testimony would not have unqualifiedly supported the movant, the failure to call such witness is not ineffective assistance of counsel.

---

[2] Petitioner is referred to as both "movant" and "defendant" by the post-conviction motion court.

Garret v. State, 814 S.W.2d 325, 330 (Mo.App. 1991); Hamilton v. State, 770 S.W.2d 346 (Mo.App. 1989).

Here Movant alleges that he and Stacie Smith informed counsel that Clark and Weston were alibi witnesses in addition to Stacie Smith and Hazel Bland. He states that the investigator spoke with Clark and Weston who told the same story as Stacie Smith who would have said that Movant was at Smith's home during the day of September 18, 1997 and that they were listed as alibi witnesses. Counsel informed Movant prior to trial that Weston and Clark could not be located. Counsel issued subpoenas which were never served. Movant alleges both would testify they came to Smith's house on September 17, 1997 and stayed through September 19, 1997 and that Movant came to Smith's house from the morning of September 18, 1997 and stayed until he was arrested on September 19, 1997. It is alleged that Clark and Weston moved to California prior to trial, informed Smith of their move and that Smith said she spoke to counsel who said they were not needed at trial. Movant also alleges that he requested that his counsel file a continuance which she said was too late to do.

Initially the Court notes that this testimony would be cumulative of the alibi testimony presented at trial by Stacie Smith and Hazel Bland. At trial there was testimony of Stacie Smith and Hazel Bland that Movant was on a couch at Smith's house from 4-5 p.m. on September 18, 1997 during the time of the murder and that he had been at her home from 11 a.m. on September 18, 1997 until he was arrested there at 5:00 p.m. on September 19, 1997..... With regard to the deposition testimony of Dayatra Weston, it was not established that this witness could have been located. It was clear that attempts were made to locate her and that she relocated without advising counsel of her whereabouts. Additionally her testimony would have been cumulative in so far as she believed Movant was in Stacie Smith's home on the day of the murder. However, her testimony was not clear in establishing that she was aware of where Movant was during the time frame of the murder or that she saw him specifically during that time. Additionally, she described the house as large and that she was on the second floor and Movant stayed on the first. Her deposition testimony did not unqualifiedly provide an alibi for the time of the crime. Further she had been contacted by Movant's attorney and investigator in 1998 and she knew she was supposed to testify but moved away and there is no indication that she advised them of her whereabouts. She did not testify as alleged, that Stacie told her Movant's counsel told her they were not needed to testify at trial. It was not established that counsel failed to demonstrate the customary skill and diligence that a reasonably competent attorney would provide under these circumstances. Counsel's performance in this area did not fall below acceptable standards. There is no reasonable probability that had Ms. Weston testified as she did in her deposition that the result of the trial would have been different.

(Resp. Exh. 9, PP. 133-138). Petitioner advanced the claim on appeal from the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> Movant's three points on appeal allege ineffective assistance of counsel. To show ineffective assistance of counsel, a movant must demonstrate that: (1) counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) counsel's deficient performance prejudiced the defense. Worthington [v. State], 166 S.W.3d [566,] 572-3 [Mo. banc 2005] (citing Strickland v. Washington, 466 U.S. 668, 687-8 (1984)); Becker v. State, 260 S.W.3d 905, 907 (Mo. App. E.D. 2008). A movant must satisfy both elements of the Strickland test in order to obtain relief. Id.
>
> In his first point on appeal, Movant argues that the motion court clearly erred in denying his post-conviction relief motion because trial counsel was ineffective for failing to secure Dayatra Weston as an alibi witness. We disagree.
>
> To prove ineffective assistance of counsel for failure to call an alibi witness, a movant must prove: (1) that the witness could have been located through reasonable investigation; (2) what the witness would have testified to if called; and (3) that the witness's testimony would have provided a viable defense. Taylor v. State, 198 S.W.3d 636, 642 (Mo. App. S.D. 2006); Glass v. State, 227 S.W.3d 463, 468 (Mo. banc 2007).
>
> Movant's trial counsel filed both a notice of alibi and a supplemental notice of alibi in June 1998. The initial notice listed Ms. Smith and Synetta Roundtree as alibi witnesses and indicated that Cortez Clark ("Clark") and "Datra Doe," addresses unknown, might also present alibi testimony. The supplemental notice of alibi confirmed Clark and Datra [sic] Weston ("Ms. Weston") as additional alibi witnesses, and listed their address as 4006 Blaine Street in St. Louis. Trial counsel's supplemental notice of alibi stated that Clark and Ms. Weston would testify that "they had occasion to visit with [Movant] and [Ms. Smith] at [Ms. Smith's] house over the time the murder was committed." Ms. Weston, however, did not testify at Movant's trial.
>
> Ms. Weston was deposed in May 2008 in connection with Movant's motion for post-conviction relief. Ms. Weston testified that she and Clark, her husband, were living at Ms. Smith's home in September 1997, including on the date of the shooting. Ms. Weston stated she left the house only once that day, early in the morning of September 18, 1997, and that Movant was there the entire day. According to Ms. Weston, trial counsel's investigator had contacted her at some point in 1998 to discuss her providing alibi testimony at Movant's trial, but that they somehow "lost track." In fact, Ms. Weston

testified that she moved to San Diego shortly after Movant was arrested, and that she did not return to St. Louis until 1999 or 2000.

The motion court found that trial counsel was not ineffective for failing to locate and call Ms. Weston to testify at trial because: (1) Movant failed to establish that Ms. Weston could have been located; (2) Ms. Weston's testimony did not provide an unqualified alibi; and (3) Ms. Weston's alibi testimony would have been cumulative.

In the context of ineffective assistance of counsel based on trial counsel's failure to call an alibi witness, trial counsel is required to make reasonable personal efforts to locate the witness. Baker v. State, 670 S.W.2d 597, 598 (Mo. App. E.D. 1984). Whether counsel's efforts were reasonable will depend on the factual circumstances of the case. Id.

In these circumstances we do not believe that trial counsel acted unreasonably in her efforts to locate Ms. Weston and to secure her as an alibi witness. Trial counsel's notice of alibi and supplemental notice of alibi indicate that she actively pursued Ms. Weston as a witness and intended for her to testify at trial. By Ms. Weston's own admissions, she moved across the country shortly after Movant's arrest and did not return for one to two years. Though Ms. Weston claimed in her deposition that she was always willing to testify on Movant's behalf, she made no effort to inform anyone involved with Movant's case of her whereabouts. The record reflects that trial counsel took reasonable steps to secure Ms. Weston as an alibi witness and that Ms. Weston's failure to testify was attributable to her own negligence rather than that of trial counsel.

Furthermore, Movant cannot show he was prejudiced by trial counsel's failure to secure Ms. Weston as an alibi witness. This Court has stated that "a failure to produce cumulative alibi witnesses, in the absence of a clear showing they would be helpful, is not ineffective representation...." Baker, 670 S.W.2d at 599 (quoting Porter v. State, 596 S.W.2d 480, 482 (Mo. App. E.D. 1980)). Ms. Weston's testimony, that Movant was at Ms. Smith's house at the time of the shooting, would have merely reiterated the alibi testimony of Ms. Smith and Ms. Bland, which the jury already refused to believe. For the reasons stated above, the motion court did not clearly err in denying Movant post-conviction relief on this point. Point denied.

(Respondent's Exh. 12, PP. 3-5 (footnote omitted)).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds that with this claim, Petitioner fails to demonstrate the requisite prejudice. The determination whether to call certain witnesses is left to trial counsel as a matter of trial strategy. See Jones v. Long, 2008 WL 2224728 at *7 (E.D. Mo. May 27, 2008), citing United States v. Washington, 198 F.3d 721, 723-24 (8th Cir. 1999). Under the instant facts, it cannot

be said that Petitioner was prejudiced by counsel's failure to call Dayatra Weston. Rather, as found by the post-conviction motion court and the Missouri Court of Appeals, Ms. Weston's testimony would have been merely cumulative of alibi testimony already offered. In addition, because her testimony was not clear in establishing she was aware of Petitioner's whereabouts during the time frame of the murder, it is unlikely that her testimony would have yielded a different outcome. Finally, because Ms. Weston relocated during the course of Petitioner's proceeding without advising counsel, it was not established that this witness could have been located in any event. Under these circumstances, the Missouri state courts' finding that the result of Petitioner's proceeding would likely have been the same even absent counsel's alleged error was not an unreasonable application of clearly established Federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Ground 2 of Petitioner's § 2254 petition must therefore be denied.

### 3. Ground 3

As stated above, in Ground 3 of his § 2254 petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to request an alibi instruction at trial. (§ 2254 Petition, PP. 28-34). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

<u>CONCLUSIONS OF LAW</u>

> 3. ....With regard to the allegation that trial counsel failed to submit an instruction on alibi with regard to the testimony of Stacie Smith and Hazel Bland, the Court find[s] there is no reasonable probability that the result of the trial would have been different had such an instruction been submitted.

(Resp. Exh. 9, P. 138). Petitioner advanced the claim on appeal from the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

In his second point on appeal, Movant argues that the motion court clearly erred in denying his post-conviction relief motion because trial counsel was ineffective for failing to request an alibi instruction at trial. We disagree.

"[A]n alibi instruction will not be given unless there is supportive evidence that the defendant was somewhere other than the place of the crime during the entire time it was being committed." Reliford v. State, 186 S.W.3d 301, 304 (Mo. App. E.D. 2005) (citing State v. Rickman, 920 S.W.2d 615, 617 (Mo. App. S.D. 1996)). To warrant an alibi instruction, the evidence must create a reasonable doubt as to the defendant's presence at the scene of the crime. Id.

Movant's sister, Ms. Smith, testified that Movant was at her house from 11:00 a.m. on the day of the murder until Movant's arrest the next day. According to Ms. Smith, she left the house for only one hour during that time frame, from approximately 2:50 p.m. to 3:50 p.m. on the day of the murder, and therefore her testimony accounted for Movant's whereabouts at the time of the shooting. Ms. Bland, a friend of Ms. Smith's, also testified that Movant was at Ms. Smith's house at the time of the shooting. She stated that she was at Ms. Smith's house from about 3:30 p.m. until 4:00 p.m., and that Movant was there at that time. Trial counsel reiterated during her closing argument that Movant was at his sister's house at the time of the shooting. The record therefore reflects that Movant argued his non-presence at the scene of the crime and that such evidence was sufficiently before the jury. The failure to submit an alibi instruction is not prejudicial when the alibi evidence is already in the case. See State v. Romesburg, 703 S.W.2d 562, 565 (Mo. App. W.D. 1985).

Furthermore, the jury was instructed that they must find Movant guilty beyond a reasonable doubt. The logical counterpart to this instruction is that the jury was to find Movant not guilty if they in fact believed he was at his sister's home at the time of the murder. In finding Movant guilty of the murder, however, the jury clearly indicated they [did] not believe Movant's alibi testimony.

Finally, the decision to request an alibi instruction is one of trial strategy. Starkey v. State, 612 S.W.2d 861, 862 (Mo. App. E.D. 1981); Ellis v. State, 773 S.W.2d 194, 199 (Mo. App. S.D. 1989). Given that Movant's alibi defense was already before the jury via Ms. Smith's and Ms. Bland's testimony and trial counsel's closing argument, it was reasonable for trial counsel not to seek an instruction on the same. Reasonable trial strategy is not subject to a claim for ineffective assistance of counsel. Vogel v. State, 31 S.W.3d 130, 136 (Mo. App. W.D. 2000). Trial counsel was therefore not ineffective for failing to request an alibi instruction, and the trial court did not clearly err in denying Movant's ineffective assitance of counsel claim. Point denied.

(Respondent's Exh. 12, PP. 6-7).

As stated above, under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds that with this claim, Petitioner fails to demonstrate the requisite prejudice. In other words, although Petitioner argues trial counsel was ineffective for failing to request an alibi instruction based on the testimony of Stacie Smith and Hazel Bland, this Court agrees with the Missouri Court of Appeals that in order to find Petitioner guilty beyond a reasonable doubt, the jury necessarily had to find his alibi testimony unbelievable. See Shelton v. Dormire, 2010 WL 816343 at *12 (E.D. Mo. Mar. 4, 2010) ("Although [Petitioner's alibi witnesses] testified that he could not have been the gunman because he was with them, the jury clearly did not believe them because they returned a verdict of guilty against Petitioner."). Petitioner thus fails to demonstrate a reasonable probability that, had the jury received an alibi instruction, he would not have been convicted. Id.; see also Strickland, 466 U.S. at 694. Ground 3 is denied.

### 4. Ground 4

As stated above, in Ground 4 of his § 2254 petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to call Petitioner as a witness in his own defense. (§ 2254 Petition, PP. 36-43). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

CONCLUSIONS OF LAW

> 8. Movant's sixth allegation is that his trial counsel failed to call Movant to testify at trial. Movant contends that during his last meeting with counsel before trial he reiterated that he intended to testify, that his counsel had previously advised him against testifying because of his prior criminal history but that she acquiesced in his request. Movant states that his trial counsel did not advise him he had a constitutional right to testify, that counsel abruptly rested defendant's case in chief without calling him to testify and that the trial court did not secure a waiver of his right to testify.
>
> The advice of a trial attorney not to testify in order to prevent disclosure of prior convictions is a matter of trial strategy and is not ineffective assistance of counsel. Haslip v. State, 717 S.W.2d 533, 538 [8] (Mo. App. 1986); Burroughs v. State, 590 S.W.2d 697 (Mo. App. 1979). Advice not to testify because defendant "made a bad witness" and counsel did not know what defendant would say if he took the stand is a matter of trial strategy. See State v. Silas, 885 S.W.2d 716, 722 (Mo. App. W.D. 1994). However, an attorney's refusal to let movant testify would warrant relief in a post-conviction proceeding. Brown v. State, 882 S.W.2d 154, 156 (Mo. App. E.D. 1994). In order to be entitled to relief the movant must establish that if he were put on the stand there would be a reasonable doubt concerning his guilt. Van v. State, 764 S.W.2d 690, 691 (Mo. App. 1988). Movant must allege what his testimony would have been and how it would have aided him. The mere assertion that movant told his attorney that he wanted to testify is insufficient. State v. Starks, 856 S.W.2d 334 (Mo. banc 1993); Goforth v. State, 775 S.W.2d 231 (Mo. App. 1989). The right to testify in one's own behalf is a statutory right, not a constitutional right. Alleged error in a judge's handling of movant's decision to testify is not a matter for a Rule 29.15 proceeding. State v. Rowe, 838 S.W.2d 103, 112 (Mo. App. 1992). The order of trial in a felony case does not require a hearing to determine that a defendant is waiving his right to testify and therefore counsel is not ineffective for failing to assure that movant had a hearing "on the record." See, State v. Gray, 812 S.W.2d 935, 940 (Mo. App. 1991).

> This allegation is without merit and denied. First the Court notes that Movant did not testify at his evidentiary hearing. Further Movant has not alleged how he was prejudiced by the failure to call him to testify or that his testimony would have created a reasonable doubt as to his guilt. While his trial counsel could not remember her specific actions in this case, she testified that she would advise her client that they could testify as well as of the consequences of testifying and that it was their choice. It is her practice in any case to advise of the pros and cons of testifying and she does this at the beginning of her representation of a client and again right before trial. She further testified that she would have advised a client with five prior felony convictions and one misdemeanor conviction, as Movant had, not to testify because of these prior convictions, but would have told him he had a right to testify. If her client changed his mind during trial she would have disagreed but said it was okay.
>
> Movant has failed in his burden of proof with respect to this allegation.

(Resp. Exh. 9, PP. 146-148). Petitioner advanced the claim on appeal from the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> In his third point on appeal, Movant argues that the motion court clearly erred in denying his motion for post-conviction relief because trial counsel was ineffective for refusing to allow Movant to testify on his own behalf. We disagree.
>
> Movant claims that he told trial counsel that he wanted to testify at his trial but that she unilaterally made the decision not to call him to the stand. At the evidentiary hearing, trial counsel could not remember the details of Movant's case in particular, but she testified that she always informs clients of the advantages and disadvantages of testifying and informs them that the decision is ultimately theirs. She further testified that she would have advised Movant not to testify because he had five prior felony convictions and one misdemeanor conviction.
>
> A criminal defendant's right to testify on his own behalf is a fundamental right and can only be waived by that individual. Simmons v. State, 100 S.W.3d 143, 146 (Mo. App. E.D. 2003). In most instances, counsel's advice on whether to testify is a matter of trial strategy and barring "exceptional circumstances is not a ground for post-conviction relief." Kuhlenberg v. State, 54 S.W.3d 705, 708 (Mo. App. E.D. 2001). An attorney's refusal to allow a defendant to testify, however, would warrant relief in a post-conviction proceeding. Brown v. State, 882 S.W.2d 154, 156 (Mo. App. E.D. 1994).

> The motion court found that Movant failed in his burden of proof on this point, discrediting Movant's assertion that trial counsel had refused to allow him to testify. This Court will defer to the motion court's superior opportunity to judge the credibility of witnesses. Jackson v. State, 205 S.W.3d 282, 287 (Mo. App. E.D. 2006). Furthermore, trial counsel's advising Movant not to testify was reasonable trial strategy based on Movant's prior convictions. Finally, we agree with the motion court that Movant's motion for post-conviction relief fails to allege prejudice in his failure to testify. In order to prove prejudice, Movant must show there is a reasonable probability that if he had testified the result would have been different. Winfield v. State, 93 S.W.3d 732, 736 (Mo. banc 2002). At the evidentiary hearing Movant stated that he would have told the jury that he did not commit the murder and was at Ms. Smith's house when it occurred. Movant's testimony would have been cumulative. He did not provide any explanation for why the jury, having disbelieved that same testimony from other witnesses, would have accepted it coming from Movant. For these reasons, the motion court did not clearly err in denying Movant relief on this point. Point denied.

(Respondent's Exh. 12, PP. 7-9).

As stated above, under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration the Court finds that with this claim, Petitioner fails to satisfy either prong of the Strickland test. With respect to deficient performance, the Court notes that during the evidentiary hearing on Petitioner's 29.15 motion, trial counsel testified that while she could not remember the details of Petitioner's case in particular, she always informs clients of the advantages and disadvantages of testifying, and informs them that the decision is ultimately theirs. (Resp. Exh. 7, PP. 5-6). Trial counsel further testified that she would have advised Petitioner not to testify due to his prior convictions. (Id., P. 9). The Court finds this advice was not "outside the wide range of professionally competent assistance" sanctioned by Strickland, but rather represented reasonable trial strategy based on Petitioner's unique circumstances.

With respect to prejudice, the Court notes that during the evidentiary hearing, Petitioner testified he would have informed the jury that he did not commit the murder, and was at Ms. Smith's house when it occurred. (Resp. Exh. 6, P. 8). This testimony would have been cumulative to that provided by Ms. Smith and Ms. Bland, and as noted by the Missouri Court of Appeals, Petitioner provides no explanation as to why the jury, having disbelieved that same testimony from other witnesses, would have accepted it coming from Petitioner. Petitioner thus fails to demonstrate that absent counsel's allegedly deficient performance, the result of his proceeding would have been different. Ground 4 is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834 (1998).

Dated this <u>25th</u> day of October, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE